NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

BRIAN EDWARD KING, *Petitioner*.

No. 1 CA-CR 25-0468 PRPC

FILED 07-29-2026

Petition for Review from the Superior Court in Maricopa County
No. CR2009-118151-001
The Honorable Daniel G. Martin, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Sandra Day O'Connor College of Law Post Conviction Clinic, Phoenix
By Robert J. Dormady, Andi Humphreys and Randal McDonald;
August Butler, Morgann Kelly and Haley Metz (limited practice students)
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the Court's decision, in which Presiding Judge Daniel J. Kiley and Judge Cynthia J. Bailey joined.

---

**W I L L I A M S**, Judge:

**¶1**          Brian Edward King seeks review of the superior court's order dismissing his notice of post-conviction relief ("PCR") under Arizona Rule of Criminal Procedure ("Rule") 32.1(a). For the following reasons, we grant review but deny relief.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**          This is King's first PCR proceeding. In 2009, a jury convicted King of first-degree murder, kidnapping, burglary, and misconduct involving weapons. In 2010, the superior court sentenced King to natural life in prison on the first-degree murder charge to run concurrently with presumptive sentences on the other three convictions. Those convictions and sentences were affirmed on direct appeal. *State v. King*, 1 CA-CR 10-0394, 2011 WL 2434080, at *4, ¶ 14 (Ariz. App. June 16, 2011) (mem. decision).

**¶3**          Before his jury trial, King attended a settlement conference at which the State offered him life with the possibility of parole after 25 years on the first-degree murder charge. The judge presiding over the settlement conference made several comments to King relevant to this proceeding:

- "I want to be very honest with you, you could go to trial, lose, still get the equivalent of the plea that's being offered to you today. . . . You could go to trial, lose on everything, and still get essentially the same thing as you are being offered today if a judge runs the Burglary and the Kidnapping concurrent with the Homicide conviction."

- "If a judge agrees with the State and runs these matters consecutively, you're facing life with no possibility of parole for 25 years."

- "[A]t first blush, I told [the prosecutor] quite honestly, I see it as this doesn't really have much of a down side in going to trial. But there is a down side. The down side is, if it matters to you that you could be eligible for parole in 25 years, going to trial might und[o] that if you are convicted of all the counts and if the judge runs them consecutively."

¶4 Following these comments, King's attorney stated that, based on things King had heard from other people while in custody, King was "under the belief that even if he takes a plea such as the one that's [been] offered to him, after 25 years he is not going to have any chance of getting out." The judge replied that that belief was a false "rumor," and told King, "You have a legal right to have a parole consideration within 25 years. . . . You have to have a mechanism in place to consider parole within 25 years . . . . [T]he law requires you to have a right under the law, even if convicted at trial -- if a judge imposes life with possibility of parole, the law requires you to have that review determination within 25 years." King rejected the plea offer and was convicted at trial. At his sentencing hearing, King's attorney noted that "just prior to trial, [King] said he would like [to accept the State's] plea if it was still available, [but] it was no longer available so we then proceeded to trial."

¶5 In June 2025, King filed a notice of PCR. In the notice, King indicated that he was raising a claim of ineffective assistance of counsel and requested the appointment of an attorney. King did not include the information about the attorney who represented him ineffectively, nor did he include an explanation of the time delay between his sentencing and the notice. In August, the superior court dismissed King's notice as "untimely by more than 13 years." King moved the superior court to reconsider under Rule 32.14, asserting for the first time that *State v. Anderson*, 257 Ariz. 226 (2024), should excuse his untimely notice. *See id.* at 232–33, ¶¶ 25–26 (permitting an untimely PCR notice because of "pervasive confusion about parole" and related ineffective assistance of counsel).

¶6 The superior court denied King's motion, reasoning that "motions for reconsideration are not opportunities to urge new arguments," and that even if the court were to consider King's *Anderson* argument, his case is unlike *Anderson* because the defendant in *Anderson* rejected a more favorable plea than the sentence he received after trial based upon incorrect advice from his attorney about the availability of parole. To the contrary, King received "effectively the same sentence" after trial as was extended to him in the plea offer.

**¶7**        King petitioned this court for review. We grant review under Article 6, Section 9, of the Arizona Constitution, A.R.S. § 13-4239(C), and Rule 33.16.

## DISCUSSION

**¶8**        We review the superior court's dismissal order for an abuse of discretion, Rules 33.2(b)(1) and 33.4(b)(3)(D), which is King's burden to establish. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011). "An abuse of discretion occurs if the PCR court makes an error of law or fails to adequately investigate the facts necessary to support its decision." *State v. Pandeli*, 242 Ariz. 175, 180, ¶ 4 (2017).

**¶9**        King argues the superior court abused its discretion by dismissing his PCR notice because his claim was timely under *Anderson*. He also argues the court abused its discretion by refusing to appoint him an attorney and by refusing to consider the arguments in his motion for reconsideration.

**¶10**        Generally, a defendant must file a notice of a PCR claim under Rule 32.1(a) "within 90 days after the oral pronouncement of sentence or within 30 days after the issuance of the mandate in the direct appeal, whichever is later." Rule 32.4(b)(3)(A). A notice's untimeliness "must" be excused, however, "if the defendant adequately explains why the failure to timely file a notice was not the defendant's fault." Rule 32.4(b)(3)(D).

**¶11**        In *Anderson*, our Supreme Court determined that a PCR claim was not untimely because the defendant "adequately explained the failure to file" his Rule 32.1(a) PCR claim of ineffective assistance of counsel when he had attributed it to the "pervasive confusion about parole eligibility at the time of his sentencing." 257 Ariz. at 231, ¶ 16. King argues that his untimeliness must be similarly excused under Rule 32.4(b)(3)(D) because, as evidenced by the judge's comments at his settlement conference and corresponding advice he alleges his attorney provided him at the time, his failure to timely file his Rule 32.1(a) PCR claim of ineffective assistance of counsel was also due to the confusion surrounding parole eligibility.

**¶12**        Contrary to King's argument, there is a key distinction between this case and *Anderson*. The defendant in *Anderson* presented his explanation for his untimeliness to the superior court in his notice of and petition for PCR. 257 Ariz. at 229–30, ¶¶ 6–7 (explaining that, in his "third IAC claim," Anderson "claimed that he only recently learned he was not parole eligible"); *see also State v. Anderson*, 2 CA-CR 2022-0121-PR, 2022 WL 17494588, at *1, ¶ 3 (Ariz. App. Dec. 8, 2022) (mem. decision) (explaining

that in his "notice of and petition for post-conviction relief," Anderson "asserted that his failure to raise the claim sooner was not his fault").

¶13 Conversely, King did not include any acknowledgement nor explanation that his PCR claim was untimely in his notice. Contrary to King's assertion that "[t]he Notice form does not include space for written explanations, nor indicate that anything should be attached to the form," the notice King filed explicitly includes a set of questions to respond to if "this is an untimely notice," including a prompt to "[s]tate the facts that support the claim and the reasons for not raising the claim . . . in a timely manner." Because King did not include his explanation of untimeliness in his notice, the superior court did not abuse its discretion by dismissing it. *See* Rule 32.4(b)(3)(D); *see also* A.R.S. § 13-4234(G) ("The time limits are jurisdictional, and an untimely filed notice or petition shall be dismissed with prejudice.").

¶14 Because timeliness is also a requirement for the appointment of counsel under Rule 32.5(a), we reject that aspect of King's argument on the same grounds. As for King's motion for reconsideration, the superior court was correct that it need not consider arguments raised for the first time in such motions. *State v. Bortz*, 169 Ariz. 575, 577 (App. 1991). Though King asserts his motion for reconsideration merely attempted to correct the court's alleged errors as allowed by Rule 32.14, King did not reference *Anderson* or his ineffective assistance of counsel claim being based on the lack of availability of parole in his notice. Because he raised that argument for the first time in his motion for reconsideration, the court was correct to deny it.

¶15 Because we conclude the superior court properly dismissed King's PCR notice as untimely, we need not address King's argument that his underlying ineffective-assistance-of-counsel claim is colorable. We note, however, that King did not identify in his notice which attorney provided him ineffective assistance, despite the notice including a spot to identify the attorney. And even if King could show that his attorney's performance was deficient under the first prong of the *Strickland v. Washington* test, King has not shown prejudice under the second prong because the settlement judge informed King of the possibility of being ineligible for parole if consecutive sentences were issued. 466 U.S. 668, 687 (1984) (establishing the two-prong test, deficient performance by counsel and resulting prejudice, for ineffective-assistance-of-counsel claims); *see also State v. Nash*, 143 Ariz. 392, 397–98 (1985) (adopting both prongs of the *Strickland* test); *Hill v. Lockhart*, 474 U.S. 52, 57 (1985) ("[T]he same two-part standard [is] applicable to ineffective-assistance claims arising out of the plea process."). King was

therefore advised of the very risk of which he claims his attorney failed to advise him.

## CONCLUSION[1]

¶16        We grant review but deny relief.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:          JR

---

[1] In June 2026, King filed a Motion to Treat [the State's] Failure to Respond to Petition for Review as Confession of Error. Because King raises no debatable issues here, we deny his motion. *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 9 (App. 2014).